AF Approval _____    Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 5:23-cr-81-JA-PRL

KINGSLEY SAMUEL RICHARD WILSON

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Kingsley Samuel Richard Wilson, and the attorney for the defendant, Mark O'Brien, mutually agree as follows:

**A.    Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to 25 counts in the Indictment, specifically, Count One, Two, Three, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-Two, Thirty-Three, Thirty-Six, and Thirty-Seven.

Count One charges the defendant with unlicensed dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 2.

KW

Counts Two, Eight, Ten, Twelve, Fourteen, Eighteen, Twenty, Twenty-Two, Twenty-Eight, Thirty, Thirty-Two, and Thirty-Six charges the defendant with making a materially false statement to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6).

Counts Three, Nine, Eleven, Thirteen, Fifteen, Nineteen, Twenty-One, Twenty-Three, Twenty-Nine, Thirty-One, Thirty-Three, and Thirty-Seven charges the defendant with causing a federal firearms licensee to maintain false information in their official records, in violation of 18 U.S.C. § 924(a)(1)(A).

2.    Maximum Penalties

Count One carries a maximum sentence of 5 years' imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Counts Two, Eight, Ten, Twelve, Fourteen, Eighteen, Twenty, Twenty-Two, Twenty-Eight, Thirty, Thirty-Two, and Thirty-Six carry a maximum sentence of 10 years' imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Counts Three, Nine, Eleven, Thirteen, Fifteen, Nineteen, Twenty-One, Twenty-Three, Twenty-Nine, Thirty-One, Thirty-Three, and Thirty-Seven carry a maximum sentence of 5 years' imprisonment, a fine of

KW

Defendant's Initials                              2.

$250,000, a term of supervised release of not more than 3 years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

     3.     Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| | |
|---|---|
| First: | The Defendant engaged in the business of dealing in firearms; |
| Second: | The Defendant didn't have a federal license; and |
| Third: | The Defendant acted willfully. |

The elements of Counts Two, Eight, Ten, Twelve, Fourteen, Eighteen, Twenty, Twenty-Two, Twenty-Eight, Thirty, Thirty-Two, and Thirty-Six are:

| | |
|---|---|
| First: | The Defendant bought or tried to buy a firearm from a federally licensed firearms dealer; |
| Second: | The Defendant knowingly made a false or fictious statement, orally or in writing, that was intended to deceive the dealer; and |
| Third: | The subject matter of the false statement was material to the lawfulness of the sale. |

*KW*

Defendant's Initials          3

The elements of Counts Three, Nine, Eleven, Thirteen, Fifteen, Nineteen, Twenty-One, Twenty-Three, Twenty-Nine, Thirty-One, Thirty-Three, and Thirty-Seven are:

| | | |
|---|---|---|
| First: | The Defendant made a false statement or representation in an official record, the ATF Form 4473; |
| Second: | To a federally licensed firearms dealer; and |
| Third: | The Defendant knew that the statement or representation was false. |

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not

KW
Defendant's Initials                    4

accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

*kw*

Defendant's Initials                                    5

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets

*KW*
Defendant's Initials                              6

held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

7.     <u>Abandonment of Property - Firearms and Ammunition</u>

United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the

*Kw*
Defendant's Initials          8

crime to which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the firearms and ammunition to the United States of America and agrees to the administrative forfeiture or destruction of the firearms and ammunition by the Bureau of Alcohol, Tobacco and Firearms and further waives any right to receive notice of any administrative forfeiture proceeding involving the firearms and ammunition.

As part of the plea agreement in this case, the defendant hereby voluntarily abandons all right and claim to the eight firearms seized from his residence on August 4, 2023, including the following: Canik, Model: TP-9SF, 9mm handgun, bearing SN: 20AT07843; M&P, Model: 380 Shield EZ 2.0, 380 caliber handgun, bearing SN: NLZ8234; Glock, Model: 43X, 9mm handgun, bearing SN: CA Y356; HS Produkt, Model: Hellcat, 9mm handgun, bearing SN: BA273500; Raven Arms, Model: P25, .25 caliber handgun, bearing SN: 358184; Glock, Model: 19, 9mm handgun, bearing SN: BVTF636; Ruger, Model: LCP Max, .380 caliber handgun, bearing SN: 3 80952419; Ruger, Model: LCP, .380 caliber handgun, bearing SN: 379023295.

## B.    Standard Terms and Conditions

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution

KW

Defendant's Initials                           9

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

KW
Defendant's Initials                    10

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to

Defendant's Initials  _KW_                    11

make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to

_Kw_
Defendant's Initials                    12

the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make

Defendant's Initials                                    13

with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this

*KW*
Defendant's Initials                              14

office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront

*KW*
Defendant's Initials                              15

and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __13__ day of November 2023

ROGER B. HANDBERG
United States Attorney

_____
Kingsley Samuel Richard Wilson
Defendant

_____
Sarah Janette Swartzberg
Assistant United States Attorney

_____
Mark O'Brien
Attorney for Defendant

_____
for Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

KW
Defendant's Initials                                    17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 5:23-cr-81-JA-PRL

KINGSLEY SAMUEL RICHARD
WILSON

## PERSONALIZATION OF ELEMENTS

### Count One

Do you admit that beginning on or about January 10, 2022, and continuing through July 25, 2023, in the Middle District of Florida, you engaged in the business of dealing in firearms?

Do you admit that you did not have a federal firearms license?

Do you admit that you acted willfully?

### Counts Two, Eight, Ten, Twelve, Fourteen, Eighteen, Twenty, Twenty-Two, Twenty-Eight, Thirty, Thirty-Two, and Thirty-Six

Do you admit that from April 16, 2022, through July 18, 2023, in the Middle District of Florida, you bought firearms from federally licensed firearms dealers, specifically, the various firearms and FFLs identified in the Indictment (Doc. 24)?

*Kw*
Defendant's Initials                              18

Do you admit that you knowingly made a false or fictious statement, orally or in writing, that was intended to deceive the dealers, specifically, answering "yes" to question 21.a. on ATF Form 4473 which asks, "Are you the actual transferee/buyer of the firearm(a) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?," when in fact you knew you were buying the firearms on behalf of someone else?

Do you acknowledge that the subject matter of your false statement was material to the lawfulness of the sale?

**Counts Three, Nine, Eleven, Thirteen, Fifteen, Nineteen, Twenty-One, Twenty-Three, Twenty-Nine, Thirty-One, Thirty-Three, and Thirty-Seven**

Do you admit that from April 16, 2022, through July 18, 2023, in the Middle District of Florida, you made a false statement or representation in the ATF Form 4473 during the purchase of firearms from federally licensed firearms dealers, as identified in the Indictment (Doc. 24)?

Specifically, that you were the actual transferee/buyer of the firearms identified in the Indictment (Doc. 24), when you were not the actual transferee/buyer?

Do you admit that you knew these statements or representations were false?

*Kw*
Defendant's Initials                                19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 5:23-cr-81-JA-PRL

KINGSLEY SAMUEL RICHARD
WILSON

### FACTUAL BASIS

In January 2022, an investigation into Kingsley Samuel Richard Wilson (Wilson) began when the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) received information relating to the recovery of three firearms from crime scenes in the Bahamas. The firearms had all been purchased by Wilson. The investigation revealed that between January 2022 and July 2023, Wilson had purchased 92 firearms from Federal Firearms Licensees (FFLs) within the Middle District of Florida. Additionally, Wilson's girlfriend Viviana Rodriguez (Rodriguez), had purchased an additional 47 firearms during the same time period.  Ultimately, Wilson and Rodriguez were not purchasing these firearms for themselves; they were working together to illegally purchase these firearms on behalf of other individuals. Neither Wilson nor Rodriguez has a federal firearms license.

On April 16, 2022, Wilson purchased two Smith and Wesson firearms and three Taurus firearms from Uber Pawn and Jewelry LCC, a federally

Defendant's Initials                                20

licensed firearms dealer. ATF Special Agent (SA) Harrison obtained a copy of the ATF Form 4473 (Firearm Transaction Record) from the purchase of the firearms.[1] A review of the Form 4473 shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" Wilson, however, was not the actual purchaser of these five firearms. Wilson purchased them on behalf of someone else. Because an FFL cannot sell a firearm to someone who is not the actual transferee/buyer, this false statement is material to the transaction.

Text messages from Wilson's cell phone show a text message exchange between Wilson and a contact "Donavan." On the same day Wilson purchased these firearms, he messaged Donavan "on the road na… just pick up 5." Approximately an hour later, Wilson sent Donavan a picture of five firearms. The firearms depicted in the photograph are the same make and model as the firearms Wilson purchased at Uber Pawn and Jewelry LLC on the same day. Donavan then responded, "Hig where you like to link today shoot me the address we leaving Palm Beach 11.30 1: 30 or so we should be in Orlando." The context of the conversation is Donavan and Wilson meeting to

---

[1] The Form 4473 is an official record that must be maintained by the FFL under Federal law.

KW
Defendant's Initials                                      21

exchange the firearms Wilson had purchased. Two of these firearms were subsequently recovered by law enforcement at crime scenes in the Bahamas – one was recovered 77 days after Wilson purchased it, the other was recovered 290 days after purchase.

On July 16, 2022, Wilson purchased two Taurus firearms from Uber Pawn and Jewelry LCC. SA Harrison obtained a copy of the Form 4473 from the purchase of the firearms. A review of the Form 4473 shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" At the time of purchase, the store clerk asked Wilson about the purchase of the two firearms. Wilson stated that he was adding to his collection. The store clerk documented this on the Form 4473 in box 32, noting "Cust states looking to add to collection." However, Wilson was not the actual purchaser of these firearms. Wilson purchased these firearms on behalf of another individual. One of the firearms purchased by Wilson on this date was recovered by law enforcement at a crime scene in the Bahamas 63 days after Wilson had purchased it.

On July 23, 2022, Wilson purchased three Glock firearms from Uber Pawn and Jewelry LCC. SA Harrison obtained a copy of the Form 4473 from the purchase of the firearms. A review of the Form 4473 shows that Wilson

Defendant's Initials    22.

answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" At the time of purchase, the store clerk asked Wilson about the purchase of multiple firearms, Wilson stated that he was collecting firearms. The store clerk documented this on the Form 4473 in box 32, noting "customer purchase multi for collection purposes." Wilson was not the actual purchase of these firearms. He purchased these firearms on behalf of another individual. One of the Glocks purchased by Wilson was recovered by law enforcement at a crime scene in the Bahamas 26 days after Wilson had purchased it.

On October 31, 2022, Wilson purchased two HS Produkt firearms and two Glock firearms, from DVO Investments, a federally licensed firearms dealer. Then, on November 2, 2022, Wilson purchased a HS Produkt firearm and a Smith & Wesson firearm from Uber Pawn and Jewelry LLC. SA Harrison obtained a copy of the Form 4473s from both of the purchases. A review of each Form 4473 shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" Wilson was not the actual purchaser of the firearms. He purchased them on behalf of someone else.

*KW*

Defendant's Initials                                23

Wilson's cell phone contained a conversation relating to these purchases with a contact named "Fresh Son Payne." The messages dated between October 13th and November 3rd, 2022, involved a discussion about Wilson purchasing firearms for Fresh Son Payne. On October 21, 2022, Wilson messaged "if I don't get you a m&p or xd this weekend it ga be thru the week." [2] Wilson then sent a second message stating, "But as soon as I get it ga show you what I get." Fresh Son Payne responded "yh cool." On November 2, 2022, Fresh Son Payne asked "ets u did get deal ting." Wilson responded, "Yea. Pay for them yesterday and picking up today" followed by "I ga send you a pic when I get home." Fresh Son Payne responded "Or k." Wilson then sent a photograph of two firearms sitting on his lap and asked "which one you want?" "all two is 9." Fresh Son Payne responded "Xd." Wilson stated "Kool." This is a reference to the HS Produkt/Springfield Armory XD pistol purchased by Wilson on November 2, 2022. Further in the conversation, Wilson sent a photograph depicting 8 firearms and stated "road ready."

On November 3, 2022, Wilson had a text conversation with a contact named "Links T." Wilson stated, "yo pardon I bro I thought I sent the

---

[2] "m&p" and "xd" are references to types of firearms. Specifically, the Smith & Wesson M&P pistol and the HS Produkt/Springfield Armory XD pistol. Wilson purchased one of each on November 2, 2022.

_KW_
Defendant's Initials                    24

message last night… I coming down today to bring them bro pardon I. ended up seeing some movements cause me not come out last night." Wilson then sent the same photograph previously sent to Fresh Son Payne depicting the 8 firearms and said, "They ready for you though brother." The make and model of the firearms in the picture are consistent with the specific firearms purchased by Wilson on October 31st and November 2, 2022. As well as firearms purchased by Rodriguez also at Uber Pawn and Jewelry LLC on November 2, 2022.

On November 26, 2022, Wilson purchased three Glock firearms from Florida Shore Firearms LLC., a federally licensed firearms dealer. On November 26, 2022, Wilson purchased three Glock firearms from Queen of Pawns and Jewellery Inc., a federally licensed firearms dealer. On November 27, 2022, Wilson purchased an additional four Glock firearms from Queen of Pawns and Jewellery Inc.  Wilson made these three purchases at the Florida Gun Show in Orlando on November 26-27, 2022. SA Harrison obtained a copy of the Form 4473s from each of these purchases. A review of the individual Form 4473s shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" However,

KW
Defendant's Initials                                   25

Wilson was not the actual purchaser of these firearms. He purchased them on behalf of another individual.

Wilson's cell phone contains a conversation relating to these purchases with a contact named "Outlaw." On November 22, 2022, Wilson messaged "you trying to get an order in from the show this weekend?" Outlaw responded, "yea dred" followed by "like wan 10 a them wibe." Wilson stated, "only g shocks?"[3] Outlaw responded "Yyc," Wilson stated "Kool. If you want specifics just send the list. Ya bro should show you the details on everything and I could grab them" followed by "it Saturday and Sunday." On November 26, 2022, Wilson sent Outlaw a picture of 6 Glock firearms, consistent with the 6 firearms Wilson had purchased the same day. Wilson then messaged "back in the field tomorrow."

On November 27, 2022, Wilson texted a contact named "Mami." This phone number belongs to Rodriguez. During the conversation Wilson asked Mami for cash, which Mami eventually gave him. Wilson later messaged "done." Mami responded, "Kool" followed by "how many." Wilson responded "4." This is in reference to the 4 firearms Wilson purchased that day from Queen of Pawns and Jewellery Inc.

---

[3] "G shocks" is a refence to Glock firearms. Notably, Wilson purchased a total of 10 Glock firearms from the Florida Gun Show.

On November 30, 2022, Wilson messaged Outlaw a photograph containing 10 firearms. The photograph depicts 10 Glock firearms consistent with the models purchased by Wilson at the Florida Gun Show. Wilson purchased these firearms for Outlaw.

On April 8, 2023, Wilson purchased a Taurus firearm from Addison's Gun Shop Inc., a federally licensed firearms dealer. SA Harrison obtained a copy of the Form 4473 from the purchase of the firearms. A review of the Form 4473 shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" Wilson was not the actual purchaser of the firearm. He purchased it on behalf of someone else.

On April 3, 2023, Wilson messaged Fresh Son Payne about the firearm and asked, "you'll only need 1 357 or 38 for this ride right?"[4] Fresh Son Payne responded "yea." On April 8, 2023, Wilson stated "… I got 2 more of them for you and 1 to go… show you a picture when I get home." Later that day, Wilson sent Fresh Son Payne two pictures: a Taurus .357 magnum revolver and a Taurus 9mm pistol. The Taurus revolver is the one purchased by Wilson at Addison's Gun Shop that same day. Wilson purchased the firearm for Fresh Son Payne.

---

[4] .357 and .38 are common calibers for firearms, primarily revolvers.

*KW*
Defendant's Initials                                    27

On June 29, 2023, Wilson purchased a HS Produkt firearm from DVO Investments, Inc. On July 2, 2023, Wilson purchased a Taurus firearm and two Glock firearms from Enhanced Firearms LLC., a federally licensed firearms dealer. On July 18, 2023, Wilson purchased a Glock firearm and a Taurus firearm from Addison's Gun Shop, Inc. SA Harrison obtained a copy of the Form 4473s from the purchases. A review of the Form 4473 shows that Wilson answered "yes" to question 21.a which asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" on all three forms. Wilson was not the actual purchaser of these firearms; he purchased them on behalf of someone else.

On July 17, 2023, Wilson received a message from a contact named "Damian Bless." Damian Bless asked, "Blessed m bro, how things y" "going." Wilson responded, "Top of the morning bro. It coming together. Show you when I get home." On July 18, 2023, Wilson sent Damian Bless a photograph of 7 firearms[5] followed by a message stating, "bless up bro this what I have for you right now.. still pulling them in." Six of the seven firearms depicted in the picture Wilson sent to Damian Bless are consistent with the purchases made

---

[5] The firearms depicted in the photograph were identified by SA Harrison, based off his training and experience as an ATF Special Agent and Firearms Interstate Nexus expert, as a Springfield Armory (HS Produkt) Hellcat, a Glock 43, a Glock 43X, a Glock 27, a Taurus G3, a Taurus G3C, and a Glock 48.

*KW*
Defendant's Initials                              28

by Wilson between June 29th and July 18th. The seventh firearm in the picture, a Glock 27, was purchased by Rodriguez on July 8, 2023, at Addison's Gun Shop. Wilson purchased these firearms for Damian Bless.

In a recorded, post-*Miranda* interview, SA Harrison spoke with Wilson about buying and selling firearms. SA Harrison asked Wilson to confirm he had been buying guns and then selling them to people. Wilson responded, "I've been trying to keep myself afloat. That's all I've been doing." SA Harrison confirmed that Wilson was trying to obtain additional money through the sales of the firearms and Wilson responded, "yes." SA Harrison asked Wilson, "Have you been going to FFLs, buying guns for other people?" Wilson responded, "I have been selling them, yes." SA Harrison asked Wilson how much profit he received from the sale of each gun. Wilson responded, "100" (meaning $100 each).

A search of Wilson home was conducted by ATF on August 4, 2023. During the search, agents recovered the following firearms that had been purchased by Wilson and/or Rodriguez:  Canik, Model: TP-9SF, 9mm handgun, bearing SN: 20AT07843; M&P, Model: 380 Shield EZ 2.0, 380 caliber handgun, bearing SN: NLZ8234; Glock, Model: 43X, 9mm handgun, bearing SN: CA Y356; HS Produkt, Model: Hellcat, 9mm handgun, bearing SN: BA273500; Raven Arms, Model: P25, .25 caliber handgun, bearing SN:

Defendant's Initials _KW_                    29

358184; Glock, Model: 19, 9mm handgun, bearing SN: BVTF636; Ruger,

Model: LCP Max, .380 caliber handgun, bearing SN: 3 80952419; Ruger,

Model: LCP, .380 caliber handgun, bearing SN: 379023295.

Defendant's Initials _KW_                    30